Mr. Justice Nott
delivered the opinion of the court:
When this case was formerly before the court, it was determined that the order of court .bad been complied •with. That would seem to imply not only that it had been done in a proper manner, but that it had been done within the time prescribed. But, supposing that question to have been passed over on the former occasion, the court would not presume that it had been done in time. But even if the fact were otherwise, it would furnish no ground for setting aside the verdict. There is no law in this state requiring persons residing out of the state to give security for the costs when they bring an action in our courts. It is merely a practice introduced by the court for the security of the defendant; and after a verdict has been obtained, the court will not set it aside, even if no security has been given. The object of it ceases as soon as it is discovered that the plaintifPs case has merits, and a verdict has been obtained.
The second question appears to have been settled as long ago as the time of Lord Holt, and probably long before. In 1 Lord Raymond, 743, (Tassel & Lee vs. Lewis,) it is laid down that if it happens that the last day of the said three days (of grace) is a Sunday or great holiday, as Christmas, &c. upon which no money is used to be paid, then the party ought to demand the money on the second day. The same doctrine is laid down in all the modern authorities. (Chitty On Bills, 208. 13 Johnson, 471, Johnson vs. Haytil and Mathews. 2 Caine’s, 343, Jackson vs. Richard.) Why three days of grace should be allowed on a promissory note in which a day of payment is fixed, it is now too late to enquire. But I have *438 never been able to discover any good reason for it. If cannot be that the party might be prepared to meet it: for the contract itself prescribes the time he shall have for that purpose, and he ought to be prepared by the day. However we have adopted the rule, and must now be bound by it. But we have adopted it with all its limitations and exceptions ; one of which is, that if the third day fall on Sunday, the demand may be made on the, second.
Caldwell, for the motion,
JBauskeli, contra.
The motion must therefore be dismissed.
Justices Colcock, Gantt, Richardson, Huger and ■Johnson, concurred.